FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JUN -1  PM 2: 22

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

**United States District Court**
**District Of Maryland**
**Greenbelt Division**

| | |
|---|---|
| Brittany Mayo       } | VERIFIED COMPLAINT |
|      } | FOR DAMAGES |
|      Plaintiff      } | |
| vs.      } | |
|      } | **TDC 15 CV 1589** |
| Sallie Mae aka SLM corporation,    } | |
|     and      } | Case No.:_____ |
| Navient, Inc.      } | |
|      } | |
|      Defendants      } | Civil Action |
|      } | |

COMES NOW, the Plaintiff(s) Brittany Mayo complaining of the Defendants as follows;

## INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the Telephone Consumer Protection Act 47 U.S.C. 227(B), Fair Credit Reporting Act 15 U.S.C. 1681s2(b)

## I. THE PARTIES

2. Plaintiff Brittany Mayo" is now and at all times relevant to this action an American National. Plaintiffs are "consumers" as that term is defined within 15 U.S.C.§1681a(c). Plaintiff principle of address is 3801 Endsley Pl Upper Marlboro, MD 20772.

3. Defendant "Sallie Mae aka SLM CORPORATION" is a Publicly traded corporation in state of Delaware It has a principal place of business located at 300 Continental Drive Newark, DE 19713 Defendants are "furnishers" as that Term is defined by 15 USC§ 1681.

4. Defendant "Navient, Inc." is a Publicly traded corporation in state of Pennsylvania. It has a principal place of business located at P.O. Box 9640, Wilkes-Barre, PA 18773. Defendant are "furnishers" as that Term is defined by 15 USC§ 1681.

## II. JURISDICTION AND VENUE

5. Venue for the within action is properly within the jurisdiction of this Court upon the ground, that one plaintiff resides within this Judicial district of the Prince George's County Upper Marlboro Maryland.

### III. FACTUAL ALLEGATIONS

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, inter alia, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party systems and computerized account information to track, record, and maintain the millions of consumer debts.

7. 47 U.S.C. 227(b) states in pertinent part: (b) Restrictions on use of automated telephone equipment (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; (3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.

8. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

9. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor or on behalf of a creditor are permitted only if the calls are made with the "prior express consent" of the called party. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008). The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the

creditor, and that such number was provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶10).

10. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants et al to demonstrate that Plaintiff gave her express consent to call her cell phone within the meaning of the statute. See FCC Declaratory Ruling, 23 F.C.C.R. at 565

11. Plaintiff is the owner of the cell phone number 240-462-3884 which subscribed to cellular service as defined in TCPA.

12. Defendant Navient, Inc. would call Plaintiff on her wireless cell phone numerous times during the day using an automated telephone dialing system which has the capacity to store and call random and sequential number in attempt to coerce payment for an alleged debt.

13. On or about July 28th 2014 Plaintiff sent correspondence to Defendants in attempt to figure out her contractual relationship with Defendants after receiving dunning notices and discovery of erroneous reporting in her credit file claiming different amounts owed. See exhibit 1

14. Specifically within the contents of Plaintiffs dispute she indicated to Defendants et al that all communication regarding the alleged debts owed to defendants for acct numbers 5029350485311331, 5029350485311356, 5029350485311349, 502935048531123 should be done in writing and that any prior express consent that may have been given to call Plaintiffs cell phone is now revoked.

15. In response to Plaintiffs on or about 08/14/2014 Defendant Navient, Inc. stated "we have updated our records to temporarily suspend our collection efforts to your telephone number". Defendant Navient, Inc. also stated since they service accounts prior to default defendants are not subject to the FDCA. See exhibit 2

16. However Defendant Navient, Inc. was unable to provide a contract in connection with the alleged credit that was extended to Plaintiff or any verification as requested by Plaintiff.

17. Defendant Navient, Inc. continued to call Plaintiff cell phone using an automated telephone dialing system and artificial pre-recorded voices without prior express consent for non-emergency purposes on 7/01/2014 (8 times), 7/03/2014, 7/07/2014 (4 times), 7/21/2014, 7/30/2014, 9/15/2014 (2 times), 10/09/2014, 10/15/2014, 10/28/2014, 11/05/2014, 11/17/2014 (3 times), 12/9/2014, 12/10/2014, 1/02/2015, 1/06/2015, 1/7/2015, 1/9/2015, 1/14/2015, 1/16/2015, 1/28/2015, 1/30/2015 (4 times), 2/03/2015, 2/05/2015, 2/09/2015, 2/15/2015, 2/16/2015, 2/17/2015, 2/18/2015, 2/26/2015, 2/27/2015 (2 times), 3/17/2015, 3/18/2015, 3/30/2015, 4/1/2015, 4/09/2015, 5/18/2015, and 5/28/2015.

18. On or about 9/16/2014 Plaintiff obtained a copy of her credit file from the three major credit reporting agencies Experian. See exhibit 3

19. On or about October 26 2014 Defendant sent another dispute styled as Freedom of Information Request accompanied by interrogatives in order to obtain information on whether defendants had enforceable payment interest, whether they have engaged in any fraudulent activity and to dispute the completeness and accuracy of the items furnished in plaintiff's credit file. See exhibit 4

20. Once again Defendant Navient, Inc. did not even acknowledge this dispute and provided no information verifying alleged debt defendants claimed owed and due. Defendant Navient, Inc. only continued sending notices claiming the delinquent status of the alleged accounts.

21. Upon the failure of Defendant Navient, Inc. to certify they have not engaged in any fraudulent activity, failure to certify the have not used Plaintiff signature to gain assets from a third party and claim they loaned plaintiff money or provide a performance contract. Plaintiff filed Identity theft report as defined in FCRA and served all three Major CRA a notice of dispute as defined in 15 U.S.C 1681i. See exhibit 5

22. TransUnion, Equifax and Experian received a copy of Plaintiff's notice of the dispute along with all relevant documentation and forwarded the dispute to defendants to conduct a re-investigation.

23. On or about February 10th 2015, Defendant Navient, Inc. acknowledge receipt of Plaintiff dispute initiated with the Three major Credit Rating Agencies pursuant to 15 U.S.C 1681i. See exhibit 6.

24. The three major credit bureaus allegedly conducted an investigation and as result the disputed information was verified. See exhibit 7

25. Plaintiff is informed and therefore believes Defendants did not conduct a reasonable investigation or consider any relevant documentation submitted with the dispute directly to them and from the CRA.

26. At all times Defendant Navient, Inc. acted with malice and willful intent knowingly reporting unverifiable, inaccurate information to plaintiff credit file with reckless disregard.

27. All telephone contact by Defendants to Plaintiff's cellular telephone forming the basis for this complaint occurred via automatic telephone dialing system defined in 47 U.S.C. 227(a)(1) and or used an artificial prerecorded voice which has the capacity to store or call random or sequential numbers as described at 47 U.S.C. 227(B)(1)(A).

28. The telephone number that Defendant Navient, Inc. used to contact Plaintiff with an artificial prerecorded voice made by an automatic telephone dialing system were assigned to cellular telephone services as specified in 47 U.S.C 227(B)(1)(A)(iii).

29. Plaintiff did not provide express consent to receive prerecorded calls by Defendants et al on her cellular telephone.

30. Plaintiff did not provide express consent allowing Defendants et al to place telephone calls to Plaintiff's cellular phone utilizing an " artificial or prerecorded voice", or placed by "an automatic dialing system" within the meaning 47 U.S.C 227(B)(1)(A)

31. Defendant's telephone calls to Plaintiff cellular telephone using an "artificial or prerecorded voice" or placed by automated telephone dialing system" for non-emergency purposes and in absence of Plaintiff prior express consent violated 47 U.S.C. 227(B)(1)(A).

## CAUSE OF ACTION

### KNOWING AND/OR WILLFUL & NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C 227 ET SEQ.

32. Plaintiff incorporates the foregoing paragraphs in the complaint as if fully stated herein.

33. As a result of Defendant Sallie Mae and Defendant Navient, Inc. negligent violations of the TCPA, Plaintiffs entitled to an award of$500 in statutory damages for each and every call placed in violation of the statute, pursuant to 47 U.S.C. 227(b)(3)(B).

34. The foregoing acts and omissions of Defendant Sallie Mae and Defendant Navient, Inc. constitute as numerous and multiple knowing/and or willing violations of the TCPA, including but not limited to each of the above cited provisions 47 U.S.C 227 et seq.

35. As a result of Defendant Sallie Mae and Defendant Navient, Inc. knowing and/or willful violations of 47 U.S.C 227 et seq. Plaintiff is entitled to treble damages up to $1,500 per call for each and every call in violation of the statute pursuant to 47 U.S.C 227(b)(3)

## CAUSE OF ACTION

### KNOWING AND/OR WILLFUL & NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C 1681s 2(B)

36. Plaintiff incorporates the foregoing paragraphs in complaint as fully stated herein.

37. Plaintiff sent 2 direct disputes to Defendant Navient, Inc. who are furnishers defined in FCRA in compliance 15 U.S.C. 15 1681a (8).

38. Defendants have failed to respond with verification as defined in 1681(a) or produce any evidence to substantiate their claim against Plaintiff.

39. Upon Defendants receiving notice of dispute from CRA Defendants et al did not conduct a reasonable investigation. Defendants et al did not consider a relevant information submitted with

Plaintiffs dispute and lastly Defendants failed to report result of an accurate investigation to TransUnion, Equifax and Experian.

40. As a result of Defendant's actions and inaction Plaintiff has suffered from stress, embarrassment, anxiety, loss of credit opportunity, mental anguish and frustration rendering defendants liable for actual, punitive and statutory damages pursuant to 15 U.S.C 1681n, or 15 U.S.C. 1681o for negligent.

### Relief Requested

Statutory damages of $73,500 for knowing and Willful violation of the TCPA

Statutory damages of 15,000 five months of reporting negative information to plaintiff credit report for all three major CRA

Actual Damages pursuant to 15 U.S.C 1681n

Punitive Damages pursuant to 15 U.S.C 1681o

Plaintiff reserves the right to amend the complaint upon discovery of additional placed calls

RESPECTFULLY SUBMITTED BY;

Brittany Mayo- Pro Se Consumer
3801 Endsley Place
Upper Marlboro, MD 20772
202-462-3884

Dated: June 1, 2015

**United States District Court**
**District Of Maryland**
**Greenbelt Division**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JUN -1  PM 2: 22

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

Brittany Mayo                         }

     Plaintiff                         }          VERIFIED COMPLAINT
vs.                                   }           FOR DAMAGES
                                      }
Sallie Mae aka SLM corporation,       }
    and                               }          Case No.:_____
Navient, Inc.                         }
                                      }
    Defendants                        }          Civil Action

## VERIFICATION

I, Brittany Mayo, Defendant, verify that the facts set forth in the foregoing are true and correct to the best of my information knowledge, and belief.

Brittany Mayo Pro Se Consumer
3801 Endsley Place
Upper Marlboro, MD 20772
202-462-3884

Dated: June 1, 2015